UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATRICK HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-CV-221 JD |
| | ) |
| MARK LEVENHAGEN, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Patrick Hunt, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hunt is presently incarcerated at the Allen County Jail. He alleges that during December 2013, he was housed at Westville Correctional Facility ("Westville") and was subjected to inhumane conditions of confinement. He claims the water inmates were required to drink had a "brown rust color." He alleges that due to a lack of ventilation, condensation would build up on the walls and drip on him, his belongings, and in his food. Over time black mold developed on

the walls. He claims that for two days there was no heat at all, no hot water, and broken windows allowed snow to come in the prison. He was required to sleep in these cold, damp conditions. Hunt seeks to hold Superintendent Mark Levenhagen liable in connection with these conditions. He alleges the superintendent was well aware of these conditions, and that he is routinely fined by the health department for health code violations. Hunt alleges the superintendent simply pays the fines rather than making the necessary repairs. He further alleges that he filed several grievances about these conditions but never received any response.

It appears that Hunt was serving a sentence during these events, such that the Eighth Amendment would apply. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards under the Eighth and Fourteenth Amendment are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As outlined above, Hunt alleges he was subjected to inadequate heat, inadequate ventilation, black mold, and unhealthy water. Accepting his allegations as true, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint can be plausibly read to allege that the superintendent was personally aware of these severe conditions but did nothing to remedy them. Giving Hunt the inferences to which he is entitled, he has stated enough to proceed on a deliberate indifference claim against the superintendent.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on an Eighth Amendment claim against Mark Levenhagen in his individual capacity for monetary damages for housing him under substandard conditions of confinement;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DIRECTS the United States Marshals Service to effect service of process on Mark Levenhagen pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS Mark Levenhagen to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  August 29, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court